IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SAMUEL HAYWOOD MYLES,

                                                               OPINION AND ORDER

           Plaintiff,

                                                              14-cv-661-bbc

     v.

MEDICAL STAFF DOCTOR RAVI GUPTA and
UNKNOWN NAME MEDICAL STAFF PHARMACIST,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this proposed civil action, plaintiff Samuel Haywood Myles contends that defendants Ravi Gupta and a Jane Doe pharmacist violated the Eighth Amendment and were negligent when they prescribed him hypertension medicine that caused him to faint and fall, resulting in a broken ankle. Plaintiff also alleges that defendant Gupta failed to give him medical care for his ankle injury, although another doctor provided him care for his ankle.

Plaintiff is a prisoner at the Federal Correctional Institution in Oxford, Wisconsin; his complaint must be screened under 28 U.S.C. § 1915(b)(1) and will be dismissed if it is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. <u>Haines v. Kerner</u>, 404 U.S. 519, 521 (1972). Having reviewed plaintiff's complaint, I conclude that he may proceed on his claims that defendants

1

improperly prescribed or filled hypertension medicine, but his complaint will be dismissed with respect to his claims that defendant Gupta should have been the doctor to provide the care plaintiff needed for his ankle injury.

OPINION

A. Hypertension Medicine

1. Federal Tort Claims Act

The Federal Tort Claims Act provides a remedy for an individual seeking recovery for damages caused by the negligent or wrongful act of an employee of the federal government. 28 U.S.C. §§ 2671-2680. The coverage of the Act extends to federal prisoners, who may sue for injuries caused by the negligence or wrongful acts of prison employees. United States v. Muniz, 374 U.S. 150, 150 (1963). Because a claim brought under the FTCA is governed by "the law of the place where the act or omission occurred," the substantive law of Wisconsin governs plaintiff's claim for medical negligence. 28 U.S.C. § 1346(b)(1); Gil v. Reed, 381 F.3d 649, 658 (7th Cir. 2004); Campbell v. United States, 904 F.2d 1188, 1191 (7th Cir. 1990). To prevail on a claim for medical negligence in Wisconsin, plaintiff must prove that defendants breached their duty of care and plaintiff suffered injury as a result. Paul v. Skemp, 2001 WI 42, ¶ 17, 242 Wis. 2d 507, 520, 625 N.W.2d 860, 865.

Plaintiff alleges that defendant Gupta prescribed, and defendant Doe filled, a prescription for two types of hypertension medicines in late September or early October 2012 and that the combined effect of the medicine caused him to faint and fall on October

2

8, 2012, with the result that he broke his left ankle. Plaintiff contends that defendant Gupta should not have prescribed him two types of hypertension pills together and that he failed to check plaintiff's blood pressure before and after starting the therapy. Further, plaintiff contends that defendant Doe should not have filled both medicines as prescribed. In the alternative, plaintiff contends that defendant Doe filled his prescription with the "incorrect" dosage and failed to "question" him about the combination of the two medicines. (I note that plaintiff may proceed against a Doe defendant at this stage of the proceedings, and he will have an opportunity to conduct discovery to find the Doe defendant's identity.)

From these allegations, it can be inferred that defendants may have breached the applicable standard of care and caused plaintiff to suffer injuries. Therefore, he may proceed on his claims under the FTCA. I note that employees of the federal government are not subject to liability under the Act and plaintiff has not named the United States as a defendant. 28 U.S.C. § 2679(b). However, "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment[,] . . . the United States shall be substituted as the party defendant." § 2679(d)(1).

2. Eighth Amendment

The Eighth Amendment prohibits prison officials from showing deliberate indifference to prisoners' serious medical needs or suffering. Estelle v. Gamble, 429 U.S. 97, 103 (1976). To state a deliberate indifference claim, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."

3

Id. at 106.  Deliberate indifference requires that a prison official "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and actually "draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Deliberate indifference may be evidenced by a respondent's actual intent or reckless disregard for a prisoner's health or safety, and must amount to highly unreasonable conduct or a gross departure from ordinary care in a situation in which a high degree of danger is readily apparent.  Benson v. Cady, 761 F.2d 335, 339 (7th Cir. 1985).

In other contexts involving the risk of falling, the Court of Appeals for the Seventh Circuit has approved dismissal of the prisoner's complaint because the court held that the prison's actions did not create a substantial risk of serious harm.  Bell v. Ward, 88 Fed. App'x 125, 127 (7th Cir. 2004) ("The condition that Bell attributes to the prison officials' oversight—the accumulation of water on the floor—did not present a substantial risk of serious injury.").  In this case, plaintiff describes his injury as a "near death experience," saying that he was given oxygen and had an extremely low blood pressure after the incident. It is not clear whether either of these is evidence of grave risk to plaintiff's health.  Because it is plausible that they are and because the determination of that question necessitates discovery in this medical care context, I will assume at screening that the combination of hypertension medicines posed a substantial risk of fainting, that fainting and then falling was a "serious harm" and that defendants were aware of the risk.  Given those assumptions, a reasonable jury could conclude that defendants' filling of the prescription and failing to check plaintiff's blood pressure amounted to reckless disregard of that risk.  Thus, I will

4

grant plaintiff leave to proceed on his Eighth Amendment claims against defendants. However, plaintiff should be aware that at summary judgment or trial he will have to come forward with evidence to substantiate these allegations. In particular, plaintiff will have the burden of showing that either one or both of the defendants should have known that the combination of medicines would create a *substantial* risk of fainting and falling and that fainting and falling are *serious* harms. Farmer, 511 U.S. at 837.

Further, I caution plaintiff to think carefully about the possible consequences of pursuing both his FTCA and Eighth Amendment claims because a judgment against plaintiff in the FTCA action would act as a complete bar to any action by plaintiff concerning the same subject matter against the employee of the government whose actions gave rise to the FTCA claim. 28 U.S.C. § 2676. In other words, if judgment is entered on plaintiff's FTCA claim, he may not pursue an Eighth Amendment claim against defendants arising from the same set of facts, even if the Eighth Amendment judgment is entered first and even if it is in plaintiff's favor. Manning v. United States, 546 F.3d 430, 431 (7th Cir. 2008). This means that even if plaintiff wins his Eighth Amendment claim against defendants, the judgment would be vacated if plaintiff lost his FTCA claim later.

### B. Medical Care for Ankle

Plaintiff alleges that defendant Gupta did not provide him medical care for the ankle injury. However, plaintiff alleges that a different doctor did provide him care, including x-rays, pain medicine, crutches and a cast. Plaintiff does not have a right to the medical

5

provider of his choice. Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir. 1997). Because plaintiff does not allege that the care provided by the other doctor was inadequate in any way, he has not stated a claim under the FTCA or Eighth Amendment with respect to these allegations.

### C. Motion for Subpoena Duces Tecum

In the section of his complaint entitled "relief," plaintiff asks that the court issue a subpoena to the warden at the Federal Correctional Institution in Oxford, Wisconsin for the records related to his case, which I construe as a motion for a subpoena duces tecum. This motion is premature. Plaintiff will have an opportunity to conduct discovery in this litigation. It is probable that, as employees at Oxford, defendants will have access to the documents plaintiff seeks and no subpoena will be necessary.

### ORDER

IT IS ORDERED that

1. Plaintiff Samuel Haywood Myles is GRANTED leave to proceed on his claims under the Federal Tort Claims Act and Eighth Amendment that defendants acted with deliberate indifference and negligence when prescribing and filling two hypertension medicines to be taken together and failing to take precautions related to this therapy.

2. Plaintiff's complaint is DISMISSED as to all other claims.

3. Plaintiff's motion for a subpoena duces tecum, dkt. #1, is DENIED.

4.  For the time being, plaintiff must send defendants a copy of every paper or document that he files with the court.  Once plaintiff learns the name of the lawyer or lawyers who will be representing defendants, he should serve the lawyer or lawyers directly rather than defendants.  The court will disregard documents plaintiff submits that do not show on the court's copy that he has sent a copy to defendants or to defendants' attorney.

5.  Plaintiff should keep a copy of all documents for his own files.  If he is unable to use a photocopy machine, he may send out identical handwritten or typed copies of his documents.

6. I am sending copies of plaintiff's complaint and this order to the United States Marshal for service on defendants.  Plaintiff should not attempt to serve defendants on his own at this time.

7.  Plaintiff is obligated to pay the unpaid balance of his filing fees in monthly payments as described in 28 U.S.C. § 1915(b)(2).  The clerk of court is directed to send a letter to the warden of plaintiff's institution informing the warden of the obligation under Lucien v. DeTella, 141 F.3d 773 (7th Cir. 1998), to deduct payments from plaintiff's trust fund accounts until the filing fee has been paid in full.

Entered this 23d day of December, 2014

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge