IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SAMUEL HAYWOOD MYLES,

                     Plaintiff,

     v.

MEDICAL STAFF DOCTOR RAVI GUPTA and
UNKNOWN NAME MEDICAL STAFF PHARMACIST,

                     Defendants.

                                       ORDER

                                     14-cv-661-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Samuel Haywood Myles is proceeding on claims that defendants Ravi Gupta and a Jane Doe pharmacist at the Federal Correctional Institution in Oxford, Wisconsin violated the Eighth Amendment and were negligent when they prescribed hypertension medicine for plaintiff that caused him to faint and break his ankle. In his original complaint, plaintiff did not name the United States as a defendant. Plaintiff cannot proceed on a negligence claim under the Federal Tort Claims Act against defendants Gupta and the Doe pharmacist, 28 U.S.C. § 2679(b), but, "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment[,] . . . the United States shall be substituted as the party defendant." § 2679(d)(1). Plaintiff has filed a motion to amend his complaint to add the United States as a party, dkt. ##22, 25, but the motion is not necessary because the Attorney General has certified that defendant Gupta acted within the scope of her employment in this case, dkt. #17. Accordingly, the United

1

States will be substituted for defendant Gupta with respect to the Federal Tort Claims Act claim and plaintiff's motion will be denied as unnecessary.

Plaintiff also asks the court to appoint counsel for him, which I construe as a motion for assistance in recruiting counsel. Dkt. ##20, 24. Before a district court can consider a plaintiff's request for counsel, it must first find that the plaintiff has made reasonable efforts to find a lawyer on his own and was unsuccessful or that the plaintiff was prevented from making such efforts. Jackson v. County of McLean, 953 F.2d 1070 (7th Cir. 1992). To prove that he has made reasonable efforts to find a lawyer, plaintiff must give the court copies of letters from at least three lawyers who denied his requests for representation. Because plaintiff has not provided the court any evidence of his efforts to find counsel on his own, his motion will be denied at this time.

Finally, plaintiff has filed a motion for a "discovery request" in which he asks for the identity of the pharmacist defendant and a "subpoena d.t." in which he asks for medical records from defendants. Dkt. #29. Plaintiff does not explain why he requires the court's assistance, so his motion will be denied. The pretrial conference order, dkt. #27, directs plaintiff to send all discovery requests to defendants directly. He need not file them with the court. Further, plaintiff must certify that he has made a good faith effort to resolve any discovery disputes with defendants before filing a motion to compel discovery with the court. Fed. R. Civ. P. 37(a)(1).

ORDER

IT IS ORDERED that

1. Defendant United States is SUBSTITUTED for defendant Ravi Gupta for the purposes of the Federal Tort Claims Act claim only.

2. Plaintiff Samuel Haywood Myles's motion to amend his complaint, dkt. ##22, 25, is DENIED as unnecessary.

3. Plaintiff's motion for assistance in recruiting counsel, dkt. ##20, 24, is DENIED without prejudice.

4. Plaintiff's motion for a "discovery request" and "subpoena d.t.," dkt. #29, is DENIED.

Entered this 3d day of April, 2015.

BY THE COURT:
/s/
_____
BARBARA B. CRABB
District Judge