IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SAMUEL HAYWOOD MYLES,

                        Plaintiff,

    v.

UNITED STATES, RAVI GUPTA and
CHRISTINA KANNEL,

                        Defendants.

ORDER

14-cv-661-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Samuel Haywood Myles is proceeding on a claim under the Federal Tort Claims Act against defendant United States and claims under the Eighth Amendment that defendants Ravi Gupta and Christina Kannel prescribed plaintiff hypertension medicine that he says caused him to faint and break his ankle while incarcerated at the Federal Correctional Institution in Oxford, Wisconsin. Now before the court are several motions filed by plaintiff. In one, dkt. #52, he asked to add three defendants to his complaint, saying that they had failed to protect him from the harm he incurred when he fell and broke his ankle. After filing that motion, plaintiff filed a "motion to strike" the motion, dkt. #59, and later still, filed what appears to be a motion to reinstate the motion to add the new defendants, dkt. #60. Finally, plaintiff has filed a "subpoena d.t." in which he asks the court to order the warden of his prison to provide him documents. Dkt. #63.

      In an order dated June 18, 2015, I told plaintiff that if he wished to add new

1

defendants or otherwise amend his complaint, he must first file both the proposed amended complaint, setting out all relevant allegations against the proposed defendants and the defendants he has already named, together with a brief that explains why the court should allow him to amend his complaint at this stage in the proceedings under Fed. R. Civ. P. 15. Plaintiff has done neither. Without the proposed amended complaint, it is impossible to screen plaintiff's allegations to determine whether he has stated a claim, as the court must do under 28 U.S.C. § 1915A, because plaintiff is a prisoner.

Plaintiff does say that he wishes to name the three defendants (warden Robert Werlinger, case manager Andrew W. Weber and regional director Charles Samuel) because he says they failed to take any steps to prevent the other defendants from prescribing the medicine that caused him to faint. This allegation is insufficient to state a claim. With respect to plaintiff's Eighth Amendment claim, supervisors may not be held liable for the wrongs of their employees under 42 U.S.C. § 1983 unless they are directly responsible for the undertaking or took some action that, on its own, violates the Constitution. Alejo v. Heller, 328 F.3d 930, 937 (7th Cir. 2003). Plaintiff does not explain why he believes that prison administrators would be directly responsible for the medical choices made by defendants Dr. Gupta and pharmacist Kannel. Berry v. Peterman, 604 F.3d 435, 440 (7th Cir. 2010) ("As a nonmedical administrator, Peterman was entitled to defer to the judgment of jail health professionals so long as he did not ignore Berry."). With respect to plaintiff's claim under the Federal Tort Claims Act, only the United States may be held liable, not individual federal employees. Because plaintiff has failed to state a claim against the

proposed defendants, his motion to amend his complaint must be denied. His motions to strike, dkt. #59, and reinstate this motion, dkt. #60, will be denied as moot.

Plaintiff also asks for a "subpoena d.t." from the warden for the Oxford prison for "[a]ny and all document(s), Rec, written (or) other WISP . . . ." Dkt. #63. As I have explained to plaintiff before, he need not file a subpoena with the court in order to retrieve documents from defendants. It is not clear what records or documents plaintiff seeks and he does not say whether he first requested these documents from defendants. It seems likely that defendants (particularly the United States) would have access to any records relevant to this case, such as plaintiff's medical records and any employment records for defendants Gupta and Kannel.

Before seeking assistance from the court with either a motion to compel or a subpoena duces tecum, plaintiff must send a request to produce documents to defendants. In accordance with Fed. R. Civ. P. 34, plaintiff's request "must describe with reasonable particularity each item or category of items to be inspected." In other words, he should limit his request to records that are relevant to this case and he must explain to defendants which records he wishes to review, such as records from a particular time, about a specific person or having to do with his medical condition. If defendants do not provide the relevant documents or allow plaintiff to inspect them within 30 days after he has submitted a sufficiently specific request and after he has attempted to resolve the issue with defendants, plaintiff may seek assistance from the court in the form of a motion to compel. If the court denies the motion on the ground that defendants do not have access to the documents,

3

plaintiff may request a subpoena duces tecum, so long as he can show that the documents he seeks are relevant to his claims.

ORDER

IT IS ORDERED that

1. Plaintiff Samuel Haywood Myles's motion for leave to amend his complaint, dkt. #52, is DENIED. Plaintiff's motions to strike, dkt. #59, and to reinstate this motion, dkt. #60, are DENIED as moot.

2. Plaintiff's motion for a subpoena duces tecum, dkt. #63, is DENIED.

Entered this 18th day of August, 2015.

BY THE COURT:
/s/

_____
BARBARA B. CRABB
District Judge