IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SAMUEL HAYWOOD MILES,

      Plaintiff,

v.                                             Case Number: 14-cv-661-bbc

UNITED STATES, RAVI GUPTA, and
CHRISTINA KANNEL,

      Defendants.

---

**DEFENDANT KANNEL'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT PRIOR TO DISCOVERY**

---

Defendant Commander Christina Kannel ("Defendant Kannel"), by her attorney, John W. Vaudreuil, United States Attorney for the Western District of Wisconsin, by Assistant United States Attorney Barbara L. Oswald, hereby submits this Brief in Support of her Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56.

**INTRODUCTION**

Because Defendant Kannel is a commissioned officer with the United States Public Health Service, Plaintiff's *Bivens* claim against her is barred under 42 U.S.C. § 233(a), and Defendant Kannel is entitled to judgment in her favor as a matter of law, and dismissal of Plaintiff's claim with prejudice. As a result of Defendant Kannel's absolute immunity from suit, she should not be subjected to discovery in this case.

**STATEMENT OF FACTS**

At all times relevant to this action, Defendant Kannel was a commissioned officer with the United States Public Health Service ("PHS"). *See* Def.'s PFOF ¶¶ 2-6. She was detailed to the Bureau of Prisons at the Federal Correctional Institution in Oxford, Wisconsin ("FCI Oxford"). *Id.* at ¶ 4. Plaintiff alleges that Defendant Kannel filled prescriptions for medications that caused him injuries. *Id.* at ¶ 2. In providing medical care to Plaintiff Samuel Myles while he was incarcerated at FCI Oxford, Defendant Kannel was acting within the scope of her employment with the PHS. *Id.* at ¶ 6.

**ARGUMENT**

I.     DEFENDANT KANNEL IS IMMUNE FROM SUIT UNDER 42 U.S.C. § 233(a)

Under 42 U.S.C. § 233(a), PHS officers have absolute immunity for actions arising out of the performance of medical functions within the scope of their employment. *Hui v. Castaneda,* 559 U.S. 799, 806 (2010). *Bivens* actions for such conduct are barred. *Id.* Proof that a PHS officer was acting within the scope of employment can be established simply by a declaration affirming that the defendant was a PHS official during the relevant time period. *Id.* at 811.

In this case, Defendant Kannel has produced evidence that at all relevant times, she was a commissioned officer with the PHS acting within the scope of her duties in providing medical care at FCI Oxford. DPFOF, ¶¶ 2-6. As such, Plaintiff's *Bivens* claim is barred under 42 U.S.C. § 233(a) and should be dismissed.

II.     DEFENDANT KANNEL SHOULD NOT BE SUBJECTED TO DISCOVERY PRIOR TO THE GRANTING OF SUMMARY JUDGEMENT

The United States Supreme Court has held that damages suits for constitutional violations, as alleged here, can be terminated prior to discovery upon a properly supported motion for summary judgment based on the defense of immunity. *Harlow v. Fitzgerald,* 457 U.S. 800, 808 (1982). The court has recognized that the benefits of immunity from suit are diminished or eliminated if the immune individual is subject to broad-ranging discovery or trial. *See Harlow v. Fitzgerald,* 457 U.S. 800, 808 (1982) (because broad-ranging discovery is particularly disruptive of effective government, discovery should not be allowed until threshold immunity question is resolved); *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985) ("[B]ecause the entitlement to qualified immunity is immunity from suit rather than mere defense to liability, like absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

If Plaintiff cannot bring forward evidence to rebut Defendant Kannel's summary judgment evidence, Plaintiff should not be entitled to discovery simply to "test" the evidence in an attempt to raise a genuine factual dispute. *See Martin v. D.C. Metropolitan Police Dept.,* 812 F.2d 1425, 1430-31 (D.C. Cir. 1987)(the "sue now, discover if you have a claim later," approach is particularly inappropriate because "[d]iscovery is itself one of the burdens from which defendants are sheltered by the immunity doctrine.").

For these reasons, Defendant Kannel requests that the Court enter judgment in her favor, prior to discovery, dismissing Plaintiff's claim against her with prejudice.

Dated this 25th day of August, 2015.

    Respectfully submitted,

    JOHN W. VAUDREUIL
    United States Attorney

    By:

    *s/ Barbara L. Oswald*
    BARBARA L. OSWALD
    Assistant U.S. Attorney
    Suite 700
    222 W. Washington Avenue
    Madison, WI 53703-2775
    (608) 264-5158
    TTY (608) 264-5006

<u>Of Counsel:</u>
Amy Standefer-Mallot
Senior Attorney
MCC Chicago
Federal Bureau of Prisons
71 West Van Buren
Chicago, IL 60605
Tel (312) 322-0567

4