IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SAMUEL HAYWOOD MYLES,

      Plaintiff,

v.                                                       Case Number: 14-cv-661-bbc

UNITED STATES, RAVI GUPTA, and
CHRISTINA KANNEL,

      Defendants.

---

**DEFENDANT KANNEL'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT PRIOR TO DISCOVERY**

---

Defendant Commander Christina Kannel ("Defendant Kannel"), by her attorney, John W. Vaudreuil, United States Attorney for the Western District of Wisconsin, by Assistant United States Attorney Barbara L. Oswald, hereby submits this Reply Brief in Support of her Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56.

**ARGUMENT**

As discussed in Defendant Kannel's initial brief (ECF No. 72), Public Health Service ("PHS") officers have absolute immunity for actions arising out of the performance of medical functions within the scope of their employment and, consequently, a *Bivens* action for such conduct is barred. 42 U.S.C. § 233(a); *Hui v. Castaneda,* 559 U.S. 799, 806 (2010).

Defendant Kannel has produced evidence that at all relevant times, she was a commissioned officer with the PHS, acting within the scope of her duties in providing

medical care at FCI Oxford. DPFOF, ¶¶ 2-6.

Plaintiff provides no evidence to the contrary. Instead, he alleges that Defendant Kannel is a trained pharmacist and that she dispensed two hypertension medications to him while he was at FCI Oxford. Pl.'s Br. at 1-6, ECF No. 79. These allegations merely support the evidence showing that Defendant Kannel was acting within the scope her employment in providing medical services to Plaintiff at FCI Oxford.

Plaintiff argues that an official loses qualified immunity if his or her actions contravene "settled indisputable" law and that official knew or should have known his or her actions would violate Plaintiff's constitutional rights. Pl.'s Br. at 6, ECF No. 79. Because 42 U.S.C. § 233(a) provides Defendant Kannel with absolute immunity from suit, any analysis of qualified immunity is inapplicable here. *See e.g., Imbler v. Pachtman*, 424 U.S. 409, 419 n.13 (1976)(absolute immunity defeats a suit at the outset as long as the officials actions were within the scope of the immunity, whereas qualified immunity depends on the circumstances and motivations of the official's actions as established by the evidence at trial).

Plaintiff offers no evidence or legal argument to controvert Defendant Kannel's demonstration that she is entitled to absolute immunity from suit in her individual capacity. Defendant Kannel requests that the Court enter judgment in her favor, dismissing Plaintiff's claim against her with prejudice.

Dated this 9th day of October, 2015.

Respectfully submitted,

JOHN W. VAUDREUIL
United States Attorney

By:

 *s/ Barbara L. Oswald* 
BARBARA L. OSWALD
Assistant U.S. Attorney
Suite 700
222 West Washington Avenue
Madison, WI  53703-2775
(608) 264-5158
TTY (608) 264-5006

Of Counsel:
Amy Standefer-Mallot
Senior Attorney
MCC Chicago
Federal Bureau of Prisons
71 West Van Buren
Chicago, IL 60605
Tel (312) 322-0567