IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SAMUEL HAYWOOD MYLES                        OPINION and ORDER

         Plaintiff,                                    14-cv-661-bbc

     v.

RAVI GUPTA, CHRISTINA KANNEL
and UNITED STATES,

         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Plaintiff Samuel Haywood Myles is proceeding on claims that defendants Ravi Gupta and Christina Kannel negligently prescribed and dispensed hypertension medicine that caused plaintiff to faint and suffer injuries. Plaintiff contends that defendants' conduct supports a negligence claim under the Federal Tort Claims Act and an Eighth Amendment claim under <u>Bivens v. Six Unknown Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). The United States has been substituted for defendants Kannel and Gupta as the proper defendant with respect to plaintiff's negligence claim under the Federal Tort Claims Act. However, defendants Gupta and Kannel remain defendants with respect to plaintiff's Eighth Amendment <u>Bivens</u> claim.

       Defendant Kannel has filed a motion for summary judgment, asserting that the acts giving rise to plaintiff's <u>Bivens</u> claim against her were performed while she was acting within the scope of her employment as a federal Public Health Service officer and that she enjoys

1

absolute immunity for such conduct. I agree that Kannel is entitled to absolute immunity and will enter summary judgment in her favor.

OPINION

In Hui v. Castenada, 559 U.S. 799 (2010), the Supreme Court held that 42 U.S.C. § 233(a) "grants absolute immunity to [United States Public Health Service] officers and employees for actions arising out of the performance of medical or related functions within the scope of their employment by barring all actions against them for such conduct." Id. at 806. Under § 233(a), if a plaintiff alleges he was harmed by a federal Public Health Service employee for any actions the employee took within the scope of his or her employment, the plaintiff must sue only the United States and only under the Federal Tort Claims Act. Id. at 806-07. In support of her motion, Kannel has submitted a declaration by a Federal Bureau of Prisons officer familiar with the billet descriptions and details of all Public Health Service officers in the Bureau of Prisons. Dkt. #73. This declaration confirms both the relevant time period in which Kannel was an officer stationed at FCI-Oxford and the fact that dispensing prescription medications to plaintiff was one of the responsibilities within the scope of her employment. Hui, 559 U.S. at 811 (authorizing the use of declarations to establish that defendant was a Public Health Service official acting with the scope of his employment)

Plaintiff does not deny that Kannel was a Public Health Service officer acting within the scope of her employment when she dispensed his hypertension medication. Instead, he

2

argues that Kannel knew or should have known that her conduct would violate his constitutional rights. This argument appears to confuse Kannel's right to absolute immunity with issues related to qualified immunity. Although Kannel's knowledge of plaintiff's constitutional rights might prevent her from claiming that she is entitled to qualified immunity, it has no bearing on whether she is entitled to absolute immunity under 42 U.S.C. § 233(a). Accordingly, Kannel is entitled to summary judgment in her favor on plaintiff's Bivens claim.

## ORDER

IT IS ORDERED that the motion for summary judgment filed by defendant Christina Kannel, dkt. #70, is GRANTED. Plaintiff Samuel Haywood Myles's complaint is DISMISSED WITH PREJUDICE as to this defendant.

Entered this 2d day of December, 2015.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge