IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SAMUEL HAYWOOD MYLES                                ORDER

        Plaintiff,                                            14-cv-661-bbc

   v.

RAVI GUPTA, CHRISTINA KANNEL
and UNITED STATES,

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Samuel Haywood Myles, a prisoner at Milan Federal Correctional Institution in Milan, Michigan, is proceeding on negligence claims arising under the Federal Tort Claims Act and an Eighth Amendment claim pursuant to <u>Bivens v. Six Unknown Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). When plaintiff filed his suit, he was granted leave to proceed <u>in forma pauperis</u> and without prepaying the $400 filing fee typically required of litigants before filing a civil lawsuit in this court. However, under 28 U.S.C. § 1915(g), a prisoner cannot proceed <u>in forma pauperis</u> when on three or more prior occasions he has filed lawsuits that have been "dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted[.]" A dismissal on such grounds is commonly referred to as a "strike."

      It has come to the court's attention that this case is the eleventh lawsuit that plaintiff has filed while incarcerated. Of these eleven lawsuits, it appears that at least five of them

1

have been dismissed as frivolous or for failing to state a claim upon which relief can be granted. These five lawsuits include the following:

- Myles v. United States of America, 00-cv-3298 (D. Kan.)(granting defendants' uncontested motion to dismiss, or in the alternative, motion for summary judgment);

- Myles v. Barber, 06-cv-00097 (N.D. W.Va.)(First Amendment retaliation claim dismissed for failure to state a claim upon which relief may be granted);

- Myles v. Henson, 06-cv-02281 (C.D. Cal.)(claim related to the loss of his personal property from prison hobby shop dismissed as "legally and/or factually patently frivolous");

- Myles v. Henson, 06-cv-05836 (C.D. Cal.)(claim related to the loss of his personal property from prison hobby shop dismissed as "legally and/or factually patently frivolous"); and

- Myles v. Wallace, 07-cv-00043 (N.D. W.Va.)(First Amendment and due process claims dismissed for failure to state a claim upon which relief may be granted).

Given the nature of these dismissals, I will give plaintiff an opportunity to show cause why his in forma pauperis status should not be revoked. To avoid revocation of his status, plaintiff must show that at least three of the suits listed above should not be construed as "strikes" under 28 U.S.C. § 1915(g). If plaintiff is unable to make such a showing, the court will have to dismiss his case without prejudice unless he can pay the balance of the $400 filing fee within 21 days after his pauper status is revoked. Finally, plaintiff should know that I will not rule on his outstanding requests for assistance with the recruitment of counsel until he demonstrates either that he should be allowed to continue to proceed in forma pauperis or he pays the filing fee in full.

ORDER

IT IS ORDERED that plaintiff Samuel Haywood Myles shall have until December 18, 2015 to SHOW CAUSE why his in forma pauperis status should not be revoked. If plaintiff fails to do so, his in forma pauperis status will be revoked and his remaining claims will be dismissed without prejudice unless he can pay the balance of the $400 filing fee within 21 days.

Entered this 3d day of December, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge