IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SAMUEL HAYWOOD MYLES,                                    OPINION and ORDER

      Plaintiff,                                                              14-cv-661-bbc

    v.

RAVI GUPTA and the UNITED STATES,

      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Samuel Haywood Myles, a prisoner incarcerated at Milan Federal Correctional Institution, is proceeding on claims that defendant Ravi Gupta improperly prescribed and dispensed hypertension medicine that caused plaintiff to faint and suffer injuries. Plaintiff contends that defendant Gupta's improper treatment supports a negligence claim under the Federal Tort Claims Act and an Eighth Amendment <u>Bivens</u> claim. There are currently four discrete matters before the court that require attention: (1) plaintiff's failure to respond to the court's December 3, 2015 order to show cause why his <u>in forma pauperis</u> status should not be revoked on the ground that he has "three strikes" for purposes of 28 U.S.C. § 1915(g); (2) a number of new requests for assistance in recruiting counsel; (3) plaintiff's motion to stay the deadline for filing expert witness disclosures; and (4) a motion requesting various discovery materials and information from defendants. For the reasons set forth below, I am revoking plaintiff's <u>in forma pauperis</u> status, denying his requests for assistance in recruiting counsel, denying his motion to stay the expert witness disclosure

1

deadline and denying plaintiff's motion for discovery materials.

## A. Plaintiff's In Forma Pauperis Status

On December 3, 2015, I entered an order requiring plaintiff to show cause why his in forma pauperis status should not be revoked on the ground that he has accumulated more than three strikes. Dkt. #88. I explained in that order that, under Section 1915(g), a prisoner cannot proceed in forma pauperis if he has "on 3 or more prior occasions, . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted[.]" 28 U.S.C. 1915(g). I further explained to plaintiff that it had come to the court's attention that he filed at least eleven pro se lawsuits while incarcerated in various facilities and that five of these suits appear to have been dismissed on the ground that they were frivolous or failed to state a claim upon which relief could be granted. After identifying each of these five suits and explaining the apparent grounds for the courts' dismissal in each case, I instructed plaintiff to show cause why his in forma pauperis status should not be revoked.

Rather than attempt to maintain his in forma pauperis status, plaintiff chose to pay the outstanding balance of the $400 filing fee. Although plaintiff's payment of the filing fee allows his lawsuit to proceed, his failure to explain why the cases I identified should not be construed as "strikes" for purposes of Section 1915(g) requires that I revoke his in forma pauperis status under 28 U.S.C. § 1915.

B. Motion for Assistance with Recruitment of Counsel

The next matter that requires the court's attention is plaintiff's most recent requests for assistance with the recruitment of counsel. Dkt. ##77, 81 and 86. As an initial matter, it is unclear whether plaintiff is entitled to assistance with the recruitment of counsel in light of the fact that he is not proceeding in forma pauperis under 28 U.S.C. § 1915. Although the Court of Appeals for the Seventh Circuit has not addressed the issue, at least one other circuit's court of appeals has held that a district court cannot assist a pro se prisoner with the recruitment of counsel under 28 U.S.C. § 1915(e)(1) if the prisoner has three strikes. Brightwell v. Lehman, 637 F.3d 187, 192 (3d Cir. 2011) ("Because [plaintiff] was barred from proceeding under § 1915, he was not entitled to any of the benefits that accrue to one who proceeds in forma pauperis. Accordingly, we hold that [plaintiff] was statutorily precluded from obtaining counsel pursuant to § 1915(e)(1).").

Even if I were to conclude that I had the authority to appoint plaintiff counsel under § 1915(e)(1), I would still deny plaintiff's requests because I am not convinced that plaintiff is incapable of continuing to represent himself, at least at this stage of the case.

Before a court will assist a pro se prisoner with the recruitment of counsel, the prisoner must satisfy three requirements. First, he must demonstrate that he is indigent and unable to afford counsel. 28 U.S.C. § 1915(e)(1). Second, he must demonstrate that he has made reasonable efforts to find a lawyer on his own and either was unsuccessful or was prevented from making such efforts. Pruitt v. Mote, 503 F.3d 647, 654 (7th Cir. 2007).

3

Third, he must demonstrate that, given the complexity of the case and the issues involved, he is incapable of continuing to represent himself. Id. at 654-55. In past orders denying plaintiff's earlier requests for assistance with the recruitment of counsel, I found that plaintiff is indigent and has made a good faith effort to find a lawyer on his own. Thus, the sole issue that needs to be addressed is whether the complexity of plaintiff's claims outweigh his ability to litigate them on his own. Pruitt, 503 F.3d at 655.

I begin by noting that plaintiff is a seasoned pro se litigant. As I discussed in the court's December 3, 2015 order to show cause, plaintiff has filed at least eleven civil lawsuits, as well as a number of appeals, in various federal district and appellate courts. Although plaintiff's suits have rarely been successful, it is reasonable to infer that plaintiff has developed at least a basic understanding of how civil litigation proceeds in federal court and how the rules of civil procedure operate during the pretrial phase of a lawsuit. Pruitt, 503 F.3d at 655 (identifying "litigation experience" as a relevant factor when considering whether to assist with the recruitment of counsel). Further, I have not had any trouble understanding plaintiff's arguments, which have consistently focused on the relevant legal and factual issues in this case.

Turning to the specific argument set forth in plaintiff's various requests, the only ground plaintiff raises for why he should be appointed a lawyer is that his case involves "complex" medical issues that require expert witness testimony. This argument is not convincing because it is unclear at this stage of the case what medical issues are in dispute. Discovery is ongoing and the parties have yet to file dispositive motions. Accordingly, I will

defer assisting plaintiff with the recruitment of counsel until after the parties have filed their dispositive motions and I have determined that the medical issues in this case are both material to plaintiff's claims and too complex for plaintiff to navigate without the assistance of counsel.  In other words, I will wait until after dispositive motions are filed and the issues in this case are clearer to decide whether "among [the] sea of people lacking counsel," plaintiff is one of those who need counsel the most.  Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014).

### C. Motion to Stay Deadline for Filing Expert Witness Disclosures

On August 31, 2015, plaintiff filed a motion to stay the court's September 30, 2015 deadline for filing his expert witness disclosures until after he was able to obtain an attorney. Dkt. #74.  On September 8, 2015, I issued an order denying his motion on the ground that plaintiff's inability to find a lawyer to represent him was not a proper ground for postponing the expert disclosure deadline, particularly where plaintiff failed to describe the steps he had taken to find counsel or how much additional time he needed to disclose his expert's report. Dkt. #75.

On September 21, 2015, plaintiff filed another motion to stay the court's expert disclosure deadline. This motion does not address the problems identified in my September 8, 2015 order denying the nearly identical motion plaintiff had filed in August.  Instead of identifying how much additional time he needs or what efforts he has made to retain a lawyer or an expert, plaintiff simply reiterates the fact that he needs an unspecified amount

5

of additional time to disclose his expert witness report. I am again denying plaintiff's request that I stay this deadline.

### D. Motion Requesting Discovery Materials and Information

Finally, plaintiff recently filed a request for various discovery materials and information. As the court's preliminary pretrial conference order makes clear, plaintiff need not file discovery materials or requests with the court. Dkt. #27 at 8-10. For the sake of efficiency, I will enter an order directing defendants to construe plaintiff's discovery filing as a request for the production of documents pursuant to Federal Rule of Civil Procedure 34. In the future, if plaintiff believes that defendants have certain materials or information relevant to his claims, plaintiff should request such materials from defendants directly. If defendants refuse to provide plaintiff the materials or information he is seeking, plaintiff may then file a "motion to compel" under Federal Rule of Civil Procedure 37, which is a motion that asks the court for an order requiring defendants to provide him the information he is seeking. Plaintiff is further advised to read the preliminary pretrial conference order entered in this case by magistrate judge Stephen Crocker. Dkt. #27. This order gives plaintiff useful information regarding how he can obtain discovery from defendants.

### ORDER

IT IS ORDERED that

1. Plaintiff Samuel Haywood Myles's in forma pauperis status under 28 U.S.C. §

1915 is REVOKED.

2. Plaintiff's requests for assistance with the recruitment of counsel, dkts. ##77, 81 and #86, are DENIED without prejudice to his refiling them after the deadline for filing dispositive motions has passed.

3. Plaintiff's motion to stay the expert witness disclosure deadline, dkt. #77, is DENIED.

4. Defendants Ravi Gupta and the United States are directed to construe plaintiff's request for discovery materials and information, dkt. #98, as a request for the production of documents pursuant to Federal Rule of Civil Procedure 34. Defendants shall respond to these requests within 30 days of the date of this order. Plaintiff is directed to serve future requests for the production of documents and information on defendants directly.

5. The January 8, 2016 dispositive motion deadline is vacated. The parties have until February 19, 2016 to file their dispositive motions. Responses to dispositive motions are due within thirty days thereafter. Replies in support of dispositive motions are due within 10 days after the deadline for filing responses. All other deadlines set forth in the court's preliminary pretrial conference order remain in effect.

Entered this 19th day of January, 2016.

> BY THE COURT:
>
> /s/
>
> BARBARA B. CRABB
> District Judge