IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SAMUEL MYLES,                         OPINION AND ORDER

       Plaintiff,                              14-cv-661-bbc

       v.

RAVI GUPTA and
UNITED STATES,

       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Plaintiff Samuel Myles, a prisoner incarcerated at the Federal Correctional Institution in Milan, Michigan, filed this pro se lawsuit against defendants Ravi Gupta and the United States in which he alleged that defendants violated his Eighth Amendment rights and the Federal Tort Claims Act by prescribing a combination of blood pressure drugs that caused him to faint and break his ankle. In an order entered on April 22, 2016, I granted defendant's motion for summary judgment on the ground that plaintiff failed to create a genuine issue of material fact with respect to whether defendants breached the applicable standard of care. After the clerk of court entered judgment in favor of defendants and dismissed the case, plaintiff filed a notice of appeal. Dkt. #136. On May 2, 2016, plaintiff's notice of appeal was forwarded to the Court of Appeals for the Seventh Circuit. Dkt. #138. I also construed plaintiff's notice of appeal as a request to proceed in forma pauperis on appeal, which I denied because plaintiff has filed at least five lawsuits that have been

1

dismissed as frivolous or for failing to state a claim. Dkt. #139.

One week after I forwarded plaintiff's notice of appeal to the court of appeals, plaintiff filed a motion to strike his notice of appeal and a motion for reconsideration of my order denying his request for assistance with the recruitment of counsel. Dkts. ##141, 142. I am construing plaintiff's motion to strike and motion for reconsideration as a motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e). Such a motion "suspends" the appeal and deprives the court of appeals of jurisdiction until the district court enters an order disposing of the motion. Advisory Committee Notes to Fed. R. App. P. 4, 1993 Amendment, Note to Paragraph (a)(4), ¶¶ 1-2 ("A notice filed before the filing of one of the specified motions or after the filing of a motion but before disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effective places jurisdiction in the court of appeals."); Katerinos v. U.S. Dept. of Treasury, 368 F.3d 733, 738-39 (7th Cir. 2004) (discussing effect of premature notice of appeal and amendments to Fed. R. App. P. 4); Sultan v. Fenoglio, 775 F.3d 888, 889 (7th Cir. 2015) ("The court mistakenly asserted that it could not rule on Sultan's motion [for reconsideration] because he already had filed a notice of appeal from the dismissal"); Dye v. Bartow, No. 13-cv-284-bbc, 2013 WL 5295690, at *1 (W.D. Wis. Sept. 19, 2013) ("Ordinarily, the filing of a notice of appeal divests the district court of its control over those aspects of the case involved in the appeal. However, where a party files a timely notice of appeal and a timely Rule 59(e) motion, the notice becomes effective only after the court has disposed of the Rule 59(e) motion.") (internal citations and quotations omitted).

I have reviewed and am denying plaintiff's motion for reconsideration. Plaintiff's motion for reconsideration simply rehashes the various arguments plaintiff has set forth in the series of motions he has filed throughout this case regarding his request for assistance with the recruitment of counsel. These arguments regarding his indigence, his efforts to retain counsel on his own and the alleged complexity of this case are beside the point. As I noted in the April 22, 2016 order, I cannot assist plaintiff with the recruitment of counsel pursuant to 28 U.S.C. § 1915(e)(1) because he has "struck out" and is no longer proceeding in forma pauperis in this case. Dkt. #131 at 6 ("Because plaintiff can no longer proceed in forma pauperis under § 1915, he also cannot avail himself of the various benefits of that statute, including the right to assistance with the recruitment of counsel when the complexity of a case is beyond his abilities."). Accordingly, plaintiff's motion for reconsideration is denied.

In accordance with the court of appeals' decision in Katerinos, I am directing the clerk of court to provide a copy of this order to the court of appeals so that it can "verify that the judgment is final, that the notice of appeal has become effective and that appellate jurisdiction has vested." Katerino, 368 F.3d at 738.

ORDER

IT IS ORDERED that plaintiff Samuel Myles's motion to strike, dkt. #141, and motion to reconsider, dkt. #142, are denied. The clerk of court is directed to forward a copy

3

of this order to the Court of Appeals for the Seventh Circuit.

Entered this 16th day of May, 2016.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge